**Carl A. BROOKS, Petitioner–Appellant,**

v.

**Maggie MILLER–STOUT, Respondent–Appellee.**

No. 05–35202.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2007 *.

Filed March 5, 2007.

Carl A. Brooks, Steilacoom, WA, pro se.

Nancy D. Tenney, Esq., FPDWA—Federal Public Defender's Office Western District of Washington, Seattle, WA, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**580**

Gregory J. Rosen, Esq., AGWA—Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM **

Washington state prisoner Carl A. Brooks, who in 1978 pleaded guilty in Washington state court to rape, kidnaping, assault, robbery, burglary, and second degree murder, appeals the district court's dismissal of his federal habeas corpus petition as barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations. *See* 28 U.S.C. §§ 2244(d) & 2254. Brooks argues that his petition was timely because the applicable statute of limitations commenced immediately after the Indeterminate Sentencing Review Board ("ISRB") denied Brooks's claim for relief on December 31, 2002. Brooks argues in the alternative that equitable tolling should apply to his claim. We find both claims without merit, and affirm.

We reject Brooks's assertion that he is entitled to statutory tolling. The time in which properly to file Brooks's habeas petition did not commence in 2002, but earlier. What Brooks complains of in his federal habeas petition are the ISRB's 1978 fixing and 1987 refixing of his sentences, not the ISRB's 2002 letter to Brooks denying relief. *See* 28 U.S.C. § 2244(d)(1)(D). Grounds 12–17 of Brooks's habeas petition claim that the ISRB violated its own procedural rules in not affording Brooks an opportunity to dispute information in the Presentence Report and the ISRB's interpretation and application of sentencing law. Grounds 22–26 challenge the ISRB's acts in fixing and refixing Brooks's sentences. These acts by the ISRB occurred and were known to Brooks to have occurred in either 1978 or 1987. Accordingly, these acts constituted the "factual predicate" of Brooks's claim. *Id.*

Neither is Brooks entitled to equitable tolling. Even giving Brooks the benefit of the doubt and tolling the time before March 19, 2002, when Brooks's attorney was sent a letter pertaining to the court file of his state conviction,[1] his April 22, 2004 habeas petition, filed 765 days later, was late by several months. Brooks filed a state personal restraint petition ("PRP") on August 11, 2003, which was denied January 7, 2004, for total time pending of 149 days. Brooks filed another PRP on November 6, 2003, which was denied on January 28, 2004, for a total time pending of 83 days. Assuming the two PRPs were properly filed applications for post-conviction relief and that therefore the number of days during which they were pending may be tolled, *see* 28 U.S.C. § 2244(d)(2), Brooks still waited 533 days from denial of his claims by the state to file for federal habeas relief, significantly longer than the one-year period allowed

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. The record does not show when Brooks received this letter, but neither does Brooks argue that he did not receive the letter, or the legal materials it refers to, within a customary delivery time. Because Brooks's petition still would have been months late for the reasons discussed in the text, this question need not detain us.

by AEDPA. *Id.* § 2244(d)(1). Equitable tolling cannot save the timeliness of Brooks's petition concerning this extremely old conviction. Dismissal was proper.

**AFFIRMED.**